UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE FARRELL,               )<br>                                              )<br>       Plaintiff,                      )<br>                                              )<br>  vs.                                     )<br>                                              )<br>STEAK N SHAKE                )<br>OPERATIONS, INC.,            )<br>                                              )<br>       Defendant.                  )  | Case No. 4:13CV1572 CDP |

## MEMORANDUM AND ORDER

This action, recently removed from Missouri state court, is before me on my own review for jurisdiction.  Plaintiff filed this case in the Circuit Court of St. Louis County on July 18, 2013.  In her petition, plaintiff alleged that defendant was negligent in maintaining its premises and caused plaintiff to slip and fall, suffering injury to her arm and shoulder.  Plaintiff's prayer for relief seeks damages exceeding $25,000.  *See* Compl., p. 2.

Defendant removed the case on August 13, 2013, asserting diversity jurisdiction.  *See* 28 U.S.C. §§ 1332, 1441; *see also Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010) (listing two requirements for diversity jurisdiction: complete diversity of citizenship and an amount in controversy exceeding $75,000).

A defendant seeking to "invoke federal jurisdiction through removal . . . bears the burden of proving that the jurisdictional threshold is satisfied."  *Bell v. Hershey Co.*, 557

F.3d 953, 956 (8th Cir. 2009).  Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  *Wilkinson v. Shakelford*, 478 F.3d 957, 963 (8th Cir. 2007).

In its notice of removal, defendant asserted that "the matter in controversy is believed to exceed the sum or value of $75,000." *See* Notice, ¶ 3.  Yet defendant has not alleged any factual basis for this statement that "it is believed" the amount-in-controversy requirement has been met.  This assertion alone is insufficient to satisfy the jurisdictional burden on the defendant.  *See Bell*, 557 F.3d at 956; *see also Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (meeting burden requires that removing party present "some specific facts or evidence demonstrating that the jurisdictional amount is met").  Because the defendant has not met its burden of demonstrating that the amount-in-controversy requirement has been met, I lack subject matter jurisdiction over this action and must remand it to state court.

Accordingly,

**IT IS HEREBY ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2013.